UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10152-GAO

TD BANK, N.A.,
Plaintiff,

v.

ADVANCED CAREER TECHNOLOGIES, INC.,
ADVANCED CAREER TECHNOLOGIES-MARYLAND, LLC,
THE CAREER INSTITUTE, LLC,
ABC TRAINING CENTER OF MARYLAND, INC.,
Defendants.

## ORDER APPOINTING RECEIVER
February 13, 2013

After hearing on Plaintiff's Emergency Motion for Appointment of Receiver or, in the Alternative, for Preliminary Injunction, it is hereby ORDERED:

A. The Court hereby Appoints Francis C. Morrissey, Esq., as receiver (the "Receiver") of the property of Advanced Career Technologies, Inc., Advanced Career Technologies-Maryland, LLC, The Career Institute, LLC, and ABC Training Center of Maryland, Inc. (the "Borrowers") for the purpose of preserving and protecting the value of the collateral which secures repayment of the Note and Loan and Security Agreement (as defined in the Complaint), and

   i. Authorizes the Receiver to receive and collect the accounts receivable of the Borrowers;

   ii. Authorizes the Receiver to take immediate possession of the Borrowers' assets, including, but not limited to, bank accounts maintained by Borrowers and accounts receivable generated by Borrowers;

iii.  Authorizes the Receiver to take all actions reasonably necessary to maintain, operate, and preserve the Borrowers' business and operations during the pendency of the receivership;

iv.  Authorizes the Receiver, pursuant to 28 U.S.C. §§ 2001, 2002 and 2004, to sell the assets of the Borrowers, and that the sums due the Borrowers' creditors, including the Bank pursuant to the Note and Loan and Security Agreement, be determined and adjudged, and that out of the monies arising from the sale of the Borrowers' assets, the Borrowers' creditors be paid the amounts due on account of their liens, with interest thereon, the premiums and penalties, if any, and all other amounts due, including attorneys' fees, the expenses of the sale, and costs, expenses and disbursements of this action, so far as the amount of such monies properly applicable thereto shall suffice therefore;

v.  Directs the Receiver to provide an accounting of the receivership estate;

vi.  Directs the Receiver to cooperate with federal and state officers and regulatory agencies having jurisdiction with respect to matters and interests potentially affected by the receivership proceedings;

vii.  Allows reasonable compensation of the Receiver as the manager of the Borrowers' business, as the Court may deem appropriate from time to time on either an interim or original basis;

viii.  Directs any and all individuals and entities with actual or constructive notice of the receivership to cooperate with the Receiver's efforts to take possession of the Borrowers' assets;

ix. Enjoins any and all individuals and entities with actual or constructive notice of the receivership from directly or indirectly interfering with the Receiver's efforts to discharge its duties as Receiver; and

x. Enjoins any and all individuals and entities with actual or constructive notice of the receivership from concealing, dissipating or destroying the assets of the receivership estate or any books and records thereto.

The temporary restraining order (dkt. no. 11) previously issued is now dissolved.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge